UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIOVONTE DOUGLAS,<br><br>    Petitioner,<br><br>v.<br><br>JEFF LYNCH, Warden,<br><br>    Respondent. | Case No. 20-cv-07370-HSG<br><br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

Petitioner, an inmate at California State Prison – Sacramento,[1] filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner has paid the filing fee. Dkt. No. 14.

## BACKGROUND

According to the petition, on or about November 18, 2016, Petitioner was convicted by an Alameda County jury of first degree murder, and a one year enhancement. He was sentenced to 26 years to life in state prison. Dkt. No. 5 at 1. Petitioner unsuccessfully appealed his conviction to the state appellate court, and the California Supreme Court denied his petition for review. Dkt. No. 5 at 2. The instant action was commenced on March 18, 2020, when Petitioner filed a letter with the Eastern District of California. ECF No. 1. This action was transferred to this district on October 21, 2020. ECF Nos. 6, 7.

//

---

[1] The Clerk is directed to list Warden Jeff Lynch as respondent, per Petitioner's habeas petition. Dkt. No. 5 at 1.

# DISCUSSION

## A. Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

## B. Petitioner's Claims

Liberally construed, the petition appears to state the following cognizable claims for federal habeas relief: (1) prosecutorial misconduct and (2) ineffective assistance of counsel for failing to object to the prosecutorial misconduct. *See generally* Dkt. No. 5. Liberally construed, the claims appear cognizable under § 2254 and merit an answer from Respondent. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe *pro se* petitions for writs of habeas corpus liberally).

# CONCLUSION

For the foregoing reasons, the Court orders as follows.

1. The Clerk is directed to list Warden Jeff Lynch as Respondent, per Petitioner's habeas petition. Dkt. No. 5 at 1.

2. The Clerk shall serve electronically a copy of this order upon the respondent and the respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov. The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The Clerk shall serve by mail a copy of this order on Petitioner.

3. Respondent shall file with the Court and serve on Petitioner, within **ninety-one (91) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein. Respondent shall file with the answer and serve on

Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty-five (35) days** of the date the answer is filed.

4. Respondent may file, within **ninety-one (91) days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14) days** of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

6. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

Dated: 3/25/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge

3