1

2

3

4                                    UNITED STATES DISTRICT COURT

5                                  NORTHERN DISTRICT OF CALIFORNIA

6

7      GIOVONTE DOUGLAS,                              Case No.  20-cv-07370-HSG

8                         Petitioner,
                                                      **ORDER GRANTING IN PART AND
9              v.                                     DENYING IN PART MOTION TO
                                                      DISMISS; GRANTING REQUEST FOR
10     JEFF LYNCH,                                    STAY; STAYING CASE AND
                                                      ADMINISTRATIVELY CLOSING
11                        Respondent.                 ACTION; DIRECTIONS TO
                                                      PETITIONER**

12                                                    Re: Dkt. No. 17

13

14             Petitioner, an inmate at California State Prison - Sacramento, filed this *pro se* action

15     seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Now pending before the Court is

16     Respondent's motion to dismiss the petition without prejudice for failure to exhaust state remedies

17     as to all claims.  Dkt. No. 17.  Petitioner has filed an opposition, Dkt. No. 19, and Respondent has

18     filed a reply, Dkt. No. 20.  For the reasons set forth below, Respondent's motion is GRANTED IN

19     PART AND DENIED IN PART.

20                                           **DISCUSSION**

21     **I.      Procedural History**

22             On June 27, 2016, an Alameda County jury convicted Petitioner of first degree murder

23     based on premeditation and deliberation (Cal. Penal Code § 187(a)), and found true the arming

24     enhancement (Cal. Penal Code § 12022(a)(1)).  Dkt. No. 17 at 18.  On November 18, 2016, the

25     trial court sentenced Petitioner to a total term of 26 years-to-life, comprised of a term of 25 years-

26     to-life for first degree murder and an additional year for the arming enhancement.  *Id.* at 19.[1]

27     _____

28     [1] The jury found Petitioner's codefendant, Hunter, guilty of first-degree murder (Cal. Penal Code
       § 187(a)) and of being a felon in possession of a firearm (Cal. Penal Code § 29800(a)(1); and

United States District Court
Northern District of California

United States District Court
Northern District of California

1       Petitioner appealed his conviction and sentence.  According to the December 19, 2018,

2  state appellate opinion denying the appeal, Petitioner appealed on the following grounds:

3  (1) counsel was ineffective for failing to object or take other steps in response to testimony about

4  witnesses' fear of retaliation and for failing to impeach prosecution witness A.W. with her prior

5  convictions for grand theft and perjury; (2) the prosecutor committed misconduct during closing

6  arguments; and (3) evidence regarding Petitioner displaying a firearm should not have been

7  admitted.  Petitioner also sought a limited remand to allow him to present evidence relevant to a

8  future youth offender parole hearing.  Dkt. No. 17 at 53-74.  The state appellate court ordered a

9  limited remand on the sentencing issues, directed the trial court to correct errors in the abstract of

10  judgment, and modified Petitioner's judgment to strike an enhancement, but otherwise affirmed

11  the conviction and sentence.  Dkt. No. 17 at 53-74.

12       Petitioner also filed a state habeas petition[2] with the state appellate court, which was

13  summarily denied on December 19, 2018.  Dkt. No. 17 at 118.

14       On December 31, 2018, Petitioner filed a habeas petition and a petition for review with the

15  California Supreme Court.  The habeas petition presented one issue for review: whether defense

16  counsel rendered ineffective assistance by failing to object or seek a limiting instruction with

17  respect to the prosecutor's elicitation of prejudicial testimony from key prosecution witnesses that

18  they feared violent retaliation from Petitioner and his codefendant, thereby violating Petitioner's

19  rights under the Sixth and Fourteenth Amendments.  Dkt. No. 17 at 76-112.  The petition for

20  review raised the following five arguments:  (1) defense counsel was ineffective when he failed to

21  object or seeking a limiting instruction with respect to the prosecutor's elicitation of unfairly

22  prejudicial testimony from key prosecution witnesses that they feared violent retaliation from

23  Petitioner and his codefendant; (2) defense counsel was ineffective when he failed to impeach the

24  prosecution's primary witness, Aisha Weber, with her prior convictions for perjury and grand

25  theft; (3) the prosecutor committed misconduct during closing argument by mischaracterizing the

26

27

28

found true multiple firearm enhancements (Cal. Penal Code §§ 12022.5(a), 12022.53(b)-(d)).
Hunter was sentenced to an aggregate prison term of 50 years to life.  Dkt. No. 17 at 18.
[2] The state habeas petition filed with the state appellate court has not been filed in the record.

2

1    evidence and invoking facts not in evidence in order to unfairly bolster the credibility of the state's

2    star witness, Aisha Weber, thereby violating Petitioner's due process right to a fair trial; (4) trial

3    court erred by refusing to exclude evidence that Petitioner displayed a firearm, where the evidence

4    had minimal relevance and great potential for prejudice, violating Petitioner's due process right to

5    a fair trial; and (5) cumulative error.  Dkt. No. 17 at 7-48.

6        The state habeas petition and the petition for review were summarily denied on March 20,

7    2019.  Dkt. No. 17 at 120, 124.

8        On or about March 18, 2020, Petitioner commenced the instant action.  Dkt. No. 1.   On

9    March 25, 2021, the Court found that the petition stated two cognizable claims for federal habeas

10   relief – prosecutorial misconduct and ineffective assistance of counsel for failing to object to the

11   prosecutorial misconduct – and ordered Respondent to show cause why federal habeas relief

12   should not be granted.  Dkt. No. 16.

13   **II.      Legal Standard for Exhaustion of State Remedies**

14       Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings

15   either the fact or length of their confinement are required first to exhaust state judicial remedies,

16   either on direct appeal or through collateral proceedings, by presenting the highest state court

17   available with a fair opportunity to rule on the merits of each claim they seek to raise in federal

18   court.  *See* 28 U.S.C. § 2254(b), (c).  The state's highest court must "be alerted to the fact that the

19   prisoners are asserting claims under the United States Constitution," *Duncan v. Henry*, 513 U.S.

20   364, 368 (1995), and must be given an opportunity to rule on the claims even if review is

21   discretionary, *see O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (petitioner must invoke "one

22   complete round of the State's established appellate review process.").  The exhaustion-of-state-

23   remedies doctrine "reflects a policy of federal-state comity" designed to give a State "an initial

24   opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *Picard v.*

25   *Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citations omitted).  The

26   exhaustion requirement is satisfied only if the federal claim (1) has been "fairly presented" to the

27   state courts, *see Picard*, 404 U.S. at 275 (citations omitted); or (2) no state remedy remains

28   available, *see Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996).  If available state remedies have

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1    not been exhausted as to all claims, the district court must dismiss the petition.  *See Rose v. Lundy*,

2    455 U.S. 509, 510 (1982); *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988).  The court

3    generally may not grant relief on an unexhausted claim.  *See* 28 U.S.C. § 2254(b)(1).

4            To exhaust a claim in state court, the petitioner must bring present to the state court both

5    the factual basis for the claim and the constitutional claim inherent in those facts.  *Gray v.*

6    *Netherland*, 518 U.S. 152, 162–63 (1996) ("In *Picard v. Connor*, 404 U.S. 270 (1971), we held

7    that, for purposes of exhausting state remedies, a claim for relief in habeas corpus must include

8    reference to a specific federal constitutional guarantee, as well as a statement of the facts that

9    entitle the petitioner to relief.").  To exhaust the factual basis for the claim, "the petitioner must

10   only provide the state court with the operative facts, that is, 'all of the facts necessary to give

11   application to the constitutional principle upon which [the petitioner] relies.'"  *Davis v. Silva*, 511

12   F.3d 1005, 1009 (9th Cir. 2008) (alteration in original).  To exhaust the legal basis for the claim,

13   the petitioner must alert the state court to the fact that she or he is asserting a claim under the

14   United States Constitution.  *Duncan*, 513 U.S. at 365-66; *see, e.g., Dye v. Hofbauer*, 546 U.S. 1, 4

15   (2005) (federal due process claim based on prosecutorial misconduct was fairly presented where

16   text of brief cited the Fifth and Fourteenth Amendments and federal cases concerning alleged

17   violation of federal due process rights in context of prosecutorial misconduct; "brief was clear that

18   the prosecutorial misconduct claim was based, at least in part, on a federal right").

19           A petitioner does not exhaust all possible claims stemming from a common set of facts

20   merely by raising one specific claim.  *See Gulbrandson v. Ryan*, 738 F.3d 976, 993 (9th Cir. 2013)

21   (mere submission of relevant affidavit to state court not sufficient to place that court on notice of

22   all potential constitutional challenges stemming from that affidavit) (citing *Koerner v. Grigas*, 328

23   F.3d 1039, 1046-48 (9th Cir. 2003) (even though factual basis for claim was submitted to state

24   court, claim itself not fairly presented to that court because facts were used exclusively to support

25   another claim)).

26   **III.    Analysis**

27           **A.      Motion to Dismiss**

28           Respondent argues that the petition should be dismissed in its entirety without prejudice

4

United States District Court
Northern District of California

1    because it is a mixed petition in that it contains an exhausted claim and an unexhausted claim.

2    The parties agree that the ineffective assistance of counsel ("IAC") claim is exhausted.

3    Respondent argues that the prosecutorial misconduct claim is also unexhausted because Petitioner

4    did not raise it in either the habeas petition or the petition for review.  Respondent submits that

5    Petitioner raised a different prosecutorial misconduct claim in his petition for review and that no

6    prosecutorial misconduct claim was raised in the habeas petition.  Respondent further argues that

7    while Petitioner presented the underlying facts of his prosecutorial misconduct claim to the

8    California Supreme Court in the context of the IAC claim presented in his habeas petition, this

9    was insufficient to alert the state court that he was also raising a prosecutorial misconduct claim

10   based on these same facts.  *See generally* Dkt. No. 17.

11          Petitioner argues that his prosecutorial misconduct claim is exhausted by both his state

12   habeas petition and his petition for review for the following reasons.  First, in both petitions, he

13   repeatedly cited the Fourteenth Amendment's guarantee of a fundamentally fair trial, which is the

14   constitutional provision violated by prosecutorial misconduct.  Second, in both petitions, he

15   presented the facts underlying the prosecutorial misconduct claim raised here (prosecution

16   improperly supported testimony and argument that Petitioner threatened the key witnesses, in

17   particular Aisha Weber), and specified that these facts gave rise to a Fourteenth Amendment due

18   process claim.  Third, he raised a claim of cumulative error in his petition for review.  Fourth, his

19   petition for review exhausted the prosecutorial misconduct claim when he cited to *People v.*

20   *Warren*, 45 Cal.3d 471 (1988) and to *Dudley v. Duckworth*, 854 F.2d 967, 971 (7th Cir. 1998).  He

21   cited to *Warren* for the proposition that the prosecutor's conduct was improper and prejudicial,

22   and *Warren* discusses prosecutorial misconduct.  He cited to *Dudley v. Duckworth*, 854 F.2d 967,

23   971 (7th Cir. 1998), to support his claim that the lower court erred in denying the state habeas

24   petition.  The *Dudley* citation was for the proposition that the prosecution elicited the "fear-of-the-

25   defendants" testimony from key prosecution witnesses for the improper purpose of diminishing its

26   burden of proof, and *Dudley* holds that habeas relief should be granted when an erroneous

27   evidentiary ruling is of such magnitude that the result is a denial of the fundamental fairness

28   guaranteed by the Fourteenth Amendment.  *See generally* Dkt. No. 19.

1      The prosecutorial misconduct claim presented in this petition is that the prosecutor

2   improperly elicited testimony that prosecution witnesses feared that Petitioner and his co-

3   defendant would retaliate against them for testifying.  *See* Dkt. No. 5 at 4, 7-14.  The Court has

4   carefully examined the record and finds that Petitioner has failed to exhaust his prosecutorial

5   misconduct claim.  While Petitioner presented the state court with the factual basis for his

6   prosecutorial misconduct claim, he did not present the prosecutorial misconduct claim itself.

### 1.      State Habeas Petition

8      The state habeas petition did not exhaust the instant prosecutorial misconduct claim for the

9   following reasons.

10     First, the state habeas petition clearly specifies that it presents only one issue for review, an

11   ineffective assistance of counsel claim.  The state habeas petition describes the sole issue

12   presented for review as follows: "Whether defense counsel rendered ineffective assistance by

13   failing to object or seek a limiting instruction with respect to the prosecutor's elicitation of

14   unfairly prejudicial testimony from key prosecution witnesses that they feared violent retaliation

15   specifically from petitioner and his codefendant, violating petitioner's rights under the Sixth and

16   Fourteenth Amendments."  Dkt. No. 17 at 83.  The state habeas petition continues by representing

17   that the case presents just one question: "whether petitioner's trial counsel provided ineffective

18   assistance by failing to challenge the petitioner's elicitation of testimony that petitioner and his

19   codefendant constituted a threat of violent retaliation against the prosecution's two primary

20   witnesses."  *See id*.  The state habeas petition concludes by focusing solely on the Sixth

21   Amendment right to counsel: "Petitioner respectfully requests that this Court grant review in order

22   to vindicate his Sixth Amendment right to the effective assistance of counsel.  Granting review to

23   address this question is necessary to settle the important legal question raised by the Court of

24   Appeal's refusal to grant relief on petitioner's claim of ineffective assistance of counsel."  Dkt.

25   No. 17 at 112.  There is no indication that the state habeas petition sought to raise, or exhaust,

26   additional claims.

27     Second, to the extent that the IAC claim can be construed as arguing that counsel was

28   ineffective for failing to object was because the prosecutor's actions constituted prosecutorial

United States District Court
Northern District of California

6

misconduct in violation of the federal Constitution, presenting the IAC claim did not fairly present

that underlying claim of prosecutorial misconduct.  The requirement that a petitioner articulate the

substance of an alleged constitutional violation with some particularity means that it was

"incumbent" upon Petitioner to identify both an IAC claim and a prosecutorial misconduct in his

petitions with the California Supreme Court, rather than assume that the court would infer the

prosecutorial misconduct claim from a related failure to object or otherwise challenge the

prosecutor's misconduct.  *Rose v. Palmateer*, 395 F.3d 1108, 1111–12 (9th Cir. 2005) (holding

that state court claims that trial counsel and appellate counsel were ineffective in failing to

challenge admission of confession did not fairly present to state courts underlying claim that

admission of confession violated petitioner's Fifth and Fourteenth Amendment rights).  A Sixth

Amendment IAC claim and a Fourteenth Amendment prosecutorial misconduct claim are distinct

claims with separate elements of proof.  The Court may not presume that the state courts'

resolution of the IAC claim also constituted a determination of an underlying prosecutorial

misconduct claim.

Third, the Fourteenth Amendment can be the basis for numerous potential habeas claims,

including ineffective assistance of counsel.  The Supreme Court has interpreted the Fourteenth

Amendment's guarantee that no "State [shall] deprive any person of life, liberty, or property,

without due process of law," U.S. Const. XIV, as guaranteeing defendants the right to a fair trial.

*Adamson v. People of State of Calif.*, 332 U.S. 46, 53 (1947), *overruled in part by Malloy v.*

*Hogan*, 378 U.S. 1 (1964).  Based on this interpretation, to the extent that a provision of the Bill of

Rights is fundamental and essential to a fair trial, the Fourteenth Amendment makes these

provisions obligatory upon the states.  *Gideon v. Wainwright*, 372 U.S. 335, 342 (1963) (finding

that Sixth Amendment's guarantee of counsel fundamental to fair trial obligatory upon State

through the Fourteenth Amendment).  The right to a fair trial is therefore the foundation for

numerous claims:

- claims that evidence was erroneously admitted or excluded, *Walters v. Maass*, 45 F.3d 1355, 1357 (9th Cir. 1995) (due process inquiry in federal habeas review is whether admission of evidence was arbitrary or so prejudicial that it rendered trial fundamentally unfair); *Holmes v. South Carolina*, 547 U.S. 319, 324 (2006) (broad latitude under Constitution to establish rules excluding evidence from criminal trials limited by defendant's constitutional rights to due process and to present a defense);

United States District Court
Northern District of California

7

- claims of instructional error, *Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (to obtain federal collateral relief for errors in the jury charge, petitioner must show that ailing instruction by itself so infected entire trial that resulting conviction violated due process);

- claims that the petitioner was denied his right to present a complete defense, *California v. Trombetta*, 467 U.S. 479, 485 (1984) (due process clause of Fourteenth Amendment requires that criminal defendants be afforded meaningful opportunity to present complete defense);

- claims of prosecutorial misconduct, *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (defendant's due process rights are violated when prosecutor's misconduct renders trial "fundamentally unfair"); and

- ineffective assistance of counsel claims, *Gideon*, 372 U.S. at 342.

It is because the same facts can plausibly support multiple constitutional claims that a petitioner "does not exhaust all possible claims stemming from a common set of facts merely by raising one specific claim." *See Gulbrandson*, 738 F.3d at 993. For example, the facts underlying the IAC claim presented in the state habeas petition could also support a prosecutorial misconduct claim and an erroneous admission of evidence claim. Accordingly, although the state habeas petition references the Fourteenth Amendment and presents the factual basis for the prosecutorial misconduct claim raised here, the state habeas petition did not fairly present, or otherwise exhaust, the instant prosecutorial misconduct claim because the state habeas petition never mentioned prosecutorial misconduct and because a reference to the Fourteenth Amendment could support various different claims for habeas relief and the facts presented support multiple potential claims.

Fourth, the plain language of the petition indicates that the Fourteenth Amendment violation alleged is ineffective assistance of counsel, not prosecutorial misconduct.[3] There are only three references to the Fourteenth Amendment in the state habeas petition. Two of the three references to the Fourteenth Amendment are coupled with a specific reference to either ineffective assistance of counsel or the Sixth Amendment right to effective assistance of counsel, or both.

- Reference No. 1: "Issue Presented for Review: Whether defense counsel rendered *ineffective assistance* by failing to object or seek a limiting instruction with respect to the prosecutor's elicitation of unfairly prejudicial testimony from key prosecution witnesses that they feared violent retaliation specifically from petitioner and his

---

[3] The Sixth Amendment right to effective assistance of counsel applies to the States via the Fourteenth Amendment right to due process of law. Accordingly, ineffective assistance of counsel states both a Sixth Amendment and a Fourteenth Amendment violation.

United States District Court
Northern District of California

codefendant, violating petitioner's rights under the *Sixth* and Fourteenth Amendments." Dkt. No. 17 at 83 (emphasis added).

- Reference No. 2: "The Court of Appeal's refusal to issue an order to show cause ignores [the standards set forth in Cal. R. Ct. 8.500(b)(4), *People v. Duvall*, 9 Cal. 4th 464, 475 (Cal. 1995), and *In re Clark*, 5 Cal. 4th 750, 769 fn. 9 (Cal. 1993)] violates Petitioner's Fourteenth Amendment right to due process, because he has a protected liberty interest arising from the constitutional guarantee of *effective assistance of counsel* (U.S. Const., Amends. VI, XIV; Cal. Const., art. I, § 15), as well as California's promise to provide review of deprivations of constitutional rights." Dkt. No. 17 at 92-93 (emphasis added).

The third reference indirectly refers to the IAC claim: "Argument I. This Court Should Grant Review and Remand to the Court of Appeal with Instructions to Issue an Order to Show Cause and Conduct an Evidentiary Hearing, Because the Court of Appeal's Summary Denial Violated California Law and Fourteenth Amendment Due Process." Dkt. No. 17 at 92. This heading references the appellate court's summary denial of the ineffective assistance claim. There is no indication in the record that the state appellate court considered and denied the prosecutorial misconduct claim presented here.

### 2.     Petition for Review

The petition for review also does not exhaust the instant prosecutorial misconduct claim for the following reasons.

First, although the petition for review presented the facts underlying the instant prosecutorial misconduct claim, those facts were presented solely to support a claim of ineffective assistance of counsel. *See* Dkt. No. 17 at 19-35. The petition for review describes the claim as follows: "Defense Counsel Rendered Ineffective Assistance by Failing to Object or Seek a Limiting Instruction with Respect to the Prosecutor's Elicitation of Unfairly Prejudicial Testimony from Key Prosecution Witnesses that They Feared Violent Retaliation Specifically from Petitioner and His Codefendant." Dkt. No. 17 at 19. The petition for review "respectfully request[ed] that [the California Supreme Court] grant review in order to vindicate [Petitioner's] Sixth Amendment right to the effective assistance of counsel." There is no mention of prosecutorial misconduct in this claim. In addition, as explained above, a petitioner does not exhaust all possible claims stemming from a common set of facts merely by raising one specific claim. *See Gulbrandson*, 738 F.3d at 993. And, to exhaust a claim, a petitioner must exhaust both the factual and legal

United States District Court
Northern District of California

1    basis for the claim. *See Gray*, 518 U.S. at 162–63 ("for purposes of exhausting state remedies, a

2    claim for relief in habeas corpus must include reference to a specific federal guarantee, as well as a

3    statement of the facts that entitle the petitioner to relief.").

4         Second, neither the reference to *Dudley v. Duckworth*, 854 F.2d 967, 971 (7th Cir. 1998)

5    nor the reference to *People v. Warren*, 45 Cal.3d 471 (1988), "fairly presented" the prosecutorial

6    misconduct claim. A litigant wishing to raise a federal issue can easily indicate the federal law

7    basis for his claim in a state court petition or brief by citing a case deciding such a claim on federal

8    grounds. *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). Here, however, neither *Dudley* nor *Warren*

9    dealt with a federal prosecutorial misconduct claim. *Dudley* does not address prosecutorial

10   misconduct. Rather, the claim raised in *Dudley* was erroneous admission of evidence in violation

11   of the Due Process Clause of the Fourteenth Amendment. *See Dudley*, 854 F.2d at 970-72.

12   *Warren* is a state law case and cites only California state law in addressing the prosecutorial

13   misconduct claim.

14        Third, the prosecutorial misconduct claim presented in the petition for review is distinct

15   from the prosecutorial misconduct claim presented here. In the petition for review, Petitioner

16   argues that the prosecutor committed misconduct during closing argument by mischaracterizing

17   the testimony of Detective Tran to bolster the credibility of the prosecution's star witness Aisha

18   Weber's testimony regarding what she observed at the scene of the crime. Dkt. No. 17 at 38-43.

19   That is different than the prosecutorial misconduct claim raised here. The factual basis for the

20   prosecutorial misconduct claim here is the allegation that the prosecutor committed misconduct by

21   eliciting testimony from the key prosecution witnesses that they feared violent retaliation from

22   Petitioner and his co-defendant.

23        Fourth, a claim of cumulative error does not exhaust this prosecutorial misconduct claim.

24   The cumulative error claim does not incorporate this federal prosecutorial misconduct claim

25   because none of the identified errors are the prosecutorial misconduct claim presented in this

26   action.

27        Fifth, the references to the Fourteenth Amendment's guarantee to a fair trial did not fairly

28   present the prosecutorial misconduct claim presented here. As explained above, because the

1    Fourteenth Amendment right to a fair trial can encompass numerous other claims for habeas relief,

2    a reference to the Fourteenth Amendment's right to a fair trial does not fairly present a

3    prosecutorial misconduct claim.

4         **B.    Request for Stay**

5         Respondent moves to dismiss the petition in its entirety because it contains an unexhausted

6    claim, and argues that the dismissal should be without prejudice to refiling once all claims are

7    exhausted.

8         Petitioner requests that this Court grant a *Rhines* stay, which would allow Petitioner to

9    exhaust the prosecutorial misconduct claim while this petition is stayed.  Petitioner argues that any

10   failure to exhaust the prosecutorial misconduct claim is due to appellate counsel's ineffectiveness,

11   thereby establishing good cause for a *Rhines* stay.  Petitioner argues that he did not intentionally

12   delay and that his prosecutorial misconduct claim is not plainly without merit.  In the alternative,

13   Petitioner requests that he be allowed to amend his petition to omit the unexhausted claim, and

14   that this action be stayed until he exhausts his prosecutorial misconduct claim.  He argues that a

15   "without prejudice" dismissal could have the effect of barring review of his fully exhausted

16   ineffective assistance of counsel claim, and that his prosecutorial misconduct claim "relates back"

17   to his exhausted ineffective assistance of counsel claim.  *See generally* Dkt. No. 19.

18        Respondent argues that Petitioner has not demonstrated good cause for a *Rhines* stay

19   because he has not shown good cause for not raising this prosecutorial misconduct claim earlier,

20   i.e., during the fifteen months that passed after the California Supreme Court's denial of his state

21   petitions or in the time since he filed the instant petition.  Respondent further argues that the state

22   court's denial of the IAC claim arising from the facts underlying this prosecutorial misconduct

23   claim shows that the prosecutorial misconduct claim is not meritorious.  Dkt. No. 20 at 4-5.

24        The Court cannot adjudicate the merits of a habeas petition containing any claim as to

25   which state remedies have not been exhausted, such as a mixed petition.  *See Rose*, 455 U.S. at

26   522; *cf.* 28 U.S.C. § 2254(b)(2) (petition may be denied (but not granted) notwithstanding failure

27   to exhaust).  In *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005), the United States Supreme Court

28   held that a district court may stay mixed habeas petitions to allow the petitioner to exhaust in state

United States District Court
Northern District of California

11

1    court.  *Rhines*, 544 U.S. at 277-78.  *Rhines* requires a petitioner to show (1) "good cause" for his

2    failure to exhaust his claims in state court; (2) that his unexhausted claims are not "plainly

3    meritless;" and (3) that he has not engaged in "intentionally dilatory litigation tactics."  *Rhines*,

4    544 U.S. at 278.  Good cause turns on whether the petitioner can set forth a reasonable excuse

5    supported by sufficient evidence to justify the failure to exhaust.  *Blake v. Baker*, 745 F.3d 977,

6    982 (9th Cir. 2014).  A claim of ineffective assistance by postconviction counsel supported by

7    evidence may constitute good cause under *Rhines*.  *See id.* at 982-84 (reversing denial of stay

8    when petitioner supported his good cause argument of state postconviction ineffective assistance

9    of counsel with evidence that counsel failed to discover, investigate and present to state courts

10   readily available evidence of petitioner's abusive upbringing and compromised mental condition);

11   *but see Wooten v. Kirkland*, 540 F.3d 1019, 1024 n.2 (9th Cir. 2008) (upholding denial of stay

12   because petitioner's incorrect "impression" that counsel had raised claims to California Supreme

13   Court on direct appeal did not establish good cause under *Rhines*; rejecting petitioner's claim that

14   counsel's failure to exhaust claims on direct appeal was "ineffective" because petitioner had not

15   "developed" any argument that counsel's performance was deficient and prejudicial under

16   *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)).  The district court's discretion to stay a

17   mixed petition is circumscribed by AEDPA's stated purposes of reducing delay in the execution of

18   criminal sentences and encouraging petitioners to seek relief in the state courts before filing their

19   claims in federal court.  *Rhines*, 544 U.S. at 277.  Because the use of a stay and abeyance

20   procedure has the potential to undermine these dual purposes of AEDPA, its use is only

21   appropriate where the district court has first determined that there was good cause for the

22   petitioner's failure to exhaust the claims in state court and that the claims are potentially

23   meritorious.  *Id.*  Moreover, where granting a stay, the district court must respect AEDPA's

24   emphasis on timeliness by placing "reasonable limits on a petitioner's trip to state court and back."

25   *Id.* at 278.

26          Petitioner has not demonstrated the good cause required for a *Rhines* stay.  Appellate

27   counsel's failure to present the prosecutorial misconduct claim in the state habeas petition and the

28   petition for review does not establish good cause because this failure did not prevent Petitioner

12

United States District Court
Northern District of California

1    from exhausting these issues in a separate habeas petition.[4]  To the extent that Petitioner is arguing

2    that he was unaware of the exhaustion requirement, i.e., did not know he needed to specify that he

3    sought to raise a prosecutorial misconduct claim based on the facts underlying his IAC claim,

4    ignorance of the law is common among *pro se* litigants and does not constitute good cause under

5    *Rhines*.  *See, e.g., Aguirre v. Harrington*, No. CV 09–08337 SJO (SS), 2010 WL 2680320, at *4

6    (C.D. Cal. June 9, 2010) (concluding that Ninth Circuit has directly rejected arguments that "mere

7    ignorance and reliance on counsel are sufficient to show good cause under *Rhines*" ); *Hamilton v.*

8    *Clark*, No. CIV S–08–1008 EFB P, 2010 WL 530111, at *2 (E.D. Cal. Feb. 9, 2010) (holding that

9    petitioner's lack of understanding of exhaustion requirement and limited access to prison law

10   library were insufficient to show good cause for failure to exhaust) (and cases cited therein).

11   Accordingly, Petitioner's request for a *Rhines* stay is DENIED.

12        However, the Court GRANTS Petitioner a stay pursuant to *King/Kelly*.  Under the

13   procedure outlined in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003) *overruled on other grounds by*

14   *Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007), "(1) a petitioner amends his petition to delete

15   any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted

16   petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted

17   claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims

18   to the original petition."  *King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing *Kelly*, 315

19   F.3d at 1070-71).  A petitioner seeking to avail himself of the *Kelly* three-step procedure is not

20   required to show good cause as under *Rhines*, but rather must show that the amendment of any

21   newly exhausted claims back into the petition satisfies both *Mayle v. Felix*, 545 U.S. 644, 664

22   (2005), by sharing a "common core of operative facts," and *Duncan v. Walker*, 533 U.S. 167

23   (2001), by complying with the statute of limitations.  *King*, 564 F.3d at 1141-43.  Here, the

24   unexhausted prosecutorial misconduct claim shares a common core of operative facts with the

25

26   _____

     [4] The Court also is not persuaded that the record shows that appellate counsel's failure to raise the
     instant prosecutorial misconduct claim in the state petitions constituted ineffective assistance of
27   counsel in violation of *Strickland v. Washington*, 466 U.S. 668 (1984).  Appellate counsel does not
     have a constitutional duty to raise every nonfrivolous issue requested by defendant.  *See Jones v.*
28   *Barnes*, 463 U.S. 745, 751-54 (1983); *Gerlaugh v. Stewart*, 129 F.3d 1027, 1045 (9th Cir. 1997);
     *Miller v. Keeney*, 882 F.2d 1428, 1434 n.10 (9th Cir. 1989).

United States District Court
Northern District of California

1    exhausted IAC claim, and the exhausted IAC claim was filed within the statute of limitations.

2    Accordingly, the Court GRANTS Petitioner's request for a *King*/*Kelly* stay.

3    <center>**CONCLUSION**</center>

4        For the foregoing reasons, the Court orders as follows.

5        1.    The Court GRANTS IN PART AND DENIES IN PART Respondent's motion to

6    dismiss.  Dkt. No. 17.  The Court GRANTS the motion to dismiss the prosecutorial misconduct

7    claim as unexhausted, but DENIES the motion to dismiss the petition in its entirety.

8        2.    The Court DENIES Petitioner's request for a *Rhines* stay and GRANTS the request

9    for a *King*/*Kelly* stay.  The Court STAYS and ABEYS this action.

10       3.    Within **thirty (30) days** of the date of this order, Petitioner shall (1) file a first

11   amended petition that deletes the unexhausted prosecutorial misconduct claim; and (2) file his

12   unexhausted claim in state court.  Petitioner is cautioned that he must exhaust his claims in the

13   California Supreme Court.  *See McNeeley v. Arave,* 842 F.2d 230, 231 (9th Cir. 1988) (petitioner

14   must present to highest state court all claims he wishes to raise in federal habeas petition).

15   **Failure to file a first amended petition within the time provided in this order will result in**

16   **this action being dismissed without prejudice for failure to exhaust all claims in the**

17   **operative petition.**

18       4.    If Petitioner is not granted relief in state court, he may return to this Court and ask

19   that the stay be lifted and that his petition be considered on the merits.  To do so, Petitioner must

20   file a request to lift the stay with the Court within **thirty (30) days** from the date the California

21   Supreme Court completes its review of Petitioner's claim.  The request must clearly identify in the

22   caption that it is to be filed in Case No. C 20-cv-07370 HSG (PR) and be accompanied by a

23   second amended petition re-attaching the newly exhausted claim.  If Petitioner does not take any

24   further action after the state court decides his petition on the merits, this case will remain stayed

25   and he will not receive any ruling from the Court on his petition.

26       5.    The Clerk shall ADMINISTRATIVELY CLOSE the file pending the stay of this

27   action.  This has no legal effect; it is purely a statistical procedure.

28   //

<center>14</center>

1        This order terminates Dkt. No. 17.

2        **IT IS SO ORDERED.**

3   Dated:  2/14/2022

4        _____
         HAYWOOD S. GILLIAM, JR.

5        United States District Judge

15